JS-6

1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10

11    JOSEPH SCOTT ALTER,                    Case No. 2:23-cv-10587-FLA (RAOx)

12                     Plaintiff,
                                             **ORDER DISMISSING ACTION FOR**
13         v.                                **FAILURE TO STATE CLAIM FOR**
                                             **RELIEF**
14
      NEIL GORSUCH, et al.,
15                     Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**RULING**

Plaintiff Joseph Scott Alter ("Plaintiff") brings the subject action in pro se against Chief Justice John G. Roberts, Justice Clarence Thomas, Justice Neil Gorsuch, Justice Brett Kavanaugh, Justice Amy Coney Barrett, and Justice Samuel Alito ("Defendants"), challenging the United States Supreme Court's decision in *303 Creative LLC v. Elenis*, 600 U.S. 570 (2023), and seeking declaratory relief against sitting justices of the United States Supreme Court. Dkt. 1 ("Compl.") at 12.[1] This is Plaintiff's second challenge to the Supreme Court's decision in *303 Creative*, and Plaintiff asserted the same claims previously in *Alter v. U.S. Supreme Court, et al.*, Case No. 2:23-cv-05579-ODW (PDx) ("*Alter I*").

On July 31, 2023, the court in *Alter I* ordered Plaintiff to show cause ("OSC") why his operative complaint should not be dismissed for failure to state actionable claims. *Alter I*, Dkt. 27. Plaintiff filed a response to the OSC on August 13, 2023, as well as a dozen amended complaints. *Id.*, Dkts. 30-42. On November 22, 2023, the Magistrate Judge issued a Report and Recommendation, recommending the action be dismissed without leave to amend and with prejudice, for lack of subject matter jurisdiction and based on the doctrines of sovereign and judicial immunity. *Id.*, Dkt. 44. Plaintiff filed six objections to the Report and Recommendation and another five amended complaints, before dismissing *Alter I* voluntarily on December 13, 2023, without prejudice. *Id.*, Dkts. 45-50, 60-62. Plaintiff commenced the subject action approximately one-hour later that same day, with a Complaint that is substantially identical to the final amended complaint filed in *Alter I*. *Compare* Compl. *with Alter I*, Dkt. 58.

Having reviewed the Magistrate Judge's Report and Recommendation in *Alter I* and Plaintiff's objections thereto, and finding good cause therefor, the court hereby

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

1  ADOPTS the reasoning stated in the Report and Recommendation and DISMISSES

2  the subject action.

3          As stated in the Report and Recommendation, this court lacks subject matter

4  jurisdiction to review or void decisions by the Supreme Court.  *See Hart v. Massanari*,

5  266 F.3d 1155, 1171 (9th Cir. 2001) ("A decision of the Supreme Court will control

6  that corner of the law unless and until the Supreme Court itself overrules or modifies

7  it.  Judges of the inferior courts may voice their criticisms, but follow [precedent] they

8  must."); *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1393 n. 19 (9th

9  Cir. 1987) ("a district court has no … authority to 'review' any ruling of a court of

10  appeals."); *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 902 (9th Cir. 2001) ("The

11  collateral attack doctrine precludes litigants from collaterally attacking the judgments

12  of other courts.").  Moreover, judges are immune from suit for judicial actions taken

13  in the course of their official duties, and the United States, as a sovereign, is immune

14  from suit absent waiver and consent.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

15          Accordingly, the court DISMISSES the action with prejudice.  *See Reed v.*

16  *Lieurance*, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (a trial court may dismiss a claim

17  sua sponte under Fed. R. Civ. P. 12(b)(6)); *Omar v. Sea–Land Serv., Inc.*, 813 F.2d

18  986, 991 (9th Cir. 1987) (Fed. R. Civ. P.12(b)(6) permits a court to dismiss a claim

19  sua sponte and without notice "where the claimant cannot possibly win relief").

20  Plaintiff's motions and ex parte applications (Dkts. 24, 26, 30-31, 34-36) and the

21  United States of America's ex parte application for an order permitting it to appear as

22  amicus curiae (Dkt. 36) are DENIED as moot.

23

24          IT IS SO ORDERED.

25

26  Dated: March 13, 2024                    _____

27                                          FERNANDO L. AENLLE-ROCHA
                                            United States District Judge
28